# EXHIBIT A

{W1955106.1}

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                    QUINCY DISTRICT COURT

                                               DOCKET NO. :

MICHAEL COSGROVE                         )
  Plaintiff                              )
                                         )
                                         ) VERIFIED COMPLAINT SEEKING
v.                                       ) DAMAGES AND EQUITABLE
                                         ) RELIEF INCLUDING INJUNCTIVE
KEYBANK N.A., and RUSSO MARINE           ) RELIEF TO STOP SALE OF VESSEL
FINANCIAL SERVICES, INC, and             )
NORTHEAST ADJUSTMENT BUREAU              )
  Defendants'                            )
                                         )

## VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

The Plaintiff, Michael Cosgrove (hereinafter "plaintiff"), is the mortgagor of the vessel, Laid Off, which was located at a rented slip in Marina Bay in Quincy, MA. The plaintiff resided on the vessel year round and had taken out a mortgage on the vessel on June 11, 2007 with KeyBank. In June, 2010 the plaintiff sent a partial payment to KeyBank, as he did again in July, 2010. In August, 2010 he failed to send any payment, although he was in contact with representatives from KeyBank. On August 2, 2010 representatives from Northeast Adjustment Bureau repossessed the Vessel and the Vessel is now located at Russo Marina in Dorchester, MA. The plaintiff has attempted to cure his default but KeyBank has stated that they have accelerated the loan and the plaintiff would have to pay the full amount of the loan to attain

possession of the Vessel.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter and the named Defendants pursuant to M.G.L. c. 223A, § 3, c. 212, §4, c. 156D and c. 214 § 1.

2. Venue lies in this county pursuant to M.G.L. c. 223A, § 8 and M.G.L. c. 223 § 2.

## PARTIES

3. Michael Cosgrove is a natural person who resides in Quincy, Massachusetts and is the Mortgagor of the 1974 Hatteras 78 Motor Yacht. Michael Cosgrove resides on the Yacht year round and it is his primary residence.

4. KeyBank NA (hereinafter "Keybank") is part of KeyCorp with an address of 127 Public Square in Cleveland, Ohio. KeyCorp is registered with the Secretary of State in Massachusetts.

5. Russo Marine Financial Services, Inc. (hereinafter "Russo") is registered with the Secretary of State in Massachusetts with an address of 291 Mystic Avenue in Medford, MA. Russo Marine Financial Services, Inc. has a voluntary date of dissolution on April 12, 2010 with the Secretary of State in Massachusetts.

6. Northeast Adjustment Bureau (hereinafter "Northeast") is a repossession company that has an office in Winchester, MA. Michael Cosgrove's belongings are located at this address.

## FACTS

7. Michael Cosgrove completed a loan application with Russo Marine Financial Services, whose address was 301 Pier One Road in Stevensville, Maryland. Russo was acting as

an agent for KeyBank USA.

8. On June 11, 2007 Michael Cosgrove was granted a "Preferred Mortgage of Vessel" for the vessel "Laid Off" by KeyBank NA whose address is 4910 Tiedeman Road in Brooklyn, OH 44144. The amount of the mortgage was $150,000.00 at 7.75% with a monthly payment of $1262.86 commencing on July 26, 2007. This mortgage was recorded on October 25, 2007.

9. The terms of this "Preferred Mortgage of Vessel" state in subsection b) that the Mortgagee may foreclose this Mortgage pursuant to the terms and provisions of Chapter 313 of Title 46, United States Code. Subsection c) of this document states that the Mortgagee may sell the Vessel at a public sale after first giving notice of the time and place of sale, with a general description of the property, by publishing notice as provided by the F.R.C.P. and by mailing notice of such sale to the Mortgagor.

10. On the "Preferred Mortgage of Vessel" and the "Consumer Note, Installment Loan, Note, Security Agreement and Disclosure Statement" there is no time limits specified regarding defaults.

11. Michael Cosgrove has resided on the Vessel year round for ten years and it is his primary residence.

12. Michael Cosgrove made partial payments for the months of June and July, 2010 and failed to make the August 2010 payment, although he was in contact with KeyBank regarding this failure to make payments and he assured KeyBank that he was waiting for a check to clear and he would send a check for any amount outstanding at that time.

13. On August 3, 2010 representatives from Northeast, acting as an agent for KeyBank seized the 1974 Hatteras 78 Motor Yacht based on "broke promises in our agreement". These agents trespassed on the slip that Michael Cosgrove rents and has rented for ten years.

14. The named defendants' have not applied for any hearings for repossession in any Court regarding their rights under the contracts signed by the parties.

15. On August 4, 2010 Michael Cosgrove received the payment he was waiting for and called to inquire where to send the amount outstanding to regain possession of his Vessel.

16. Representatives told Michael Cosgrove that he would have to pay the total amount of the loan and fees to regain possession of the Vessel.

17. On August 10, 2010 Michael Cosgrove was sent a "Notice of Our Plan to Sell Property". In this notice it stated that the 1974 Hatteras 78 Motor Yacht would be sold at a private sale "sometime after September 6, 2010 and it stated that, "You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.

18. Michael Cosgrove had to "move into" a hotel based on the named Defendants' seizing his residence and he has to rent an apartment based on this seizure.

## CAUSES OF ACTION

### COUNT I

### Violation of U.C.C § 9 et. seq.

19. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

20. The representatives from KeyBank stated that they would work with Michael Cosgrove while simultaneously repossessing his boat. This act by the representative of KeyBank would be in "Bad Faith".

21. The method and manner of notice of the proposed sale of the Vessel would not be commercially reasonable under the guidelines set under the U.C.C.

22. The Defendant Northeast by their actions breached the peace by entering onto the plaintiffs rented property and seizing his residence.

23. The named Defendants' failed to properly follow the terms of the signed agreement, as determined by a reading of the documents.

24. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

25. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT II

### M.G.L. 255 (13)(j)

26. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

27. The Plaintiff is specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

28. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

29. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

30. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

31. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

SEP. 3.2010  10:50AM    NORTHEAST ADJ BUREAU                    NO.499    P.6

32. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

### COUNT III

### M.G.L. 255 (13)(i)

33. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

34. The Plaintiff is specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

35. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

36. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

37. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

38. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

39. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT IV
## DUE PROCESS VIOLATIONS

40. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

41. The Plaintiff is specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

42. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

43. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

44. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

45. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

46. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury

## COUNT V

## CONVERSION

47. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

48. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

49. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

50. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

51. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT VI

### TRESPASS

52. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

53. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

54. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

55. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

56. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

57. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury

## COUNT VII

### VIOLATION OF CHAPTER 258 OF ACTS OF 2010

58. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

59. The Plaintiff is specifically in the class of persons this Act was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

60. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel. 62The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

61. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

62. The named Defendants' knowingly or negligently breached the terms and conditions of the

contract they wrote and signed.

63. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

64. The Plaintiff resided on the vessel and used this as his primary residence for ten years.

65. Based on this fact the Plaintiff would be entitled to the 150 day "Right to Cure" as the notice was sent on August 10, 2010.

66. The Vessel would be a "Fixture" as it has become so related to the Marina that it an interest is under real property law.

## COUNT VIII

### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

68. The Plaintiff is specifically in the class of persons this Act was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

69. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

70. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

71. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255 or as defined under the contract and federal law, rule and regulation

72. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

73. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

### COUNT IX

### MASSACHUSETTS FAIR DEBT COLLECTION PRACTICES ACT M.G.L. 93 ET. SEQ., 209 C.M.R ET SEQ AND 940 C.M.R. ET.SEQ..

74. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

75. The Plaintiff is specifically in the class of persons this laws, rules and regulations were designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

76. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

77. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

78. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

79. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

80. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT X

### BREACH OF CONTRACT

81. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

82. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

83. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

84. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

85. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

86. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT XI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in

paragraphs 1 through 18 of the complaint as if fully set forth herein.

88. The named Defendants' did owe the plaintiff a duty to follow the applicable and relevant law, rule and regulation.

89. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

90. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

91. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

92. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

93. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT XVII

### UNJUST ENRICHMENT

94. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

95. By their wrongful acts and omissions parties named have been unjustly enriched at the expense of the plaintiff, and thus the plaintiff has been unjustly deprived.

96. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing his Vessel which in home.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the Court to award the following relief:

A. Any and all remedies under U.C.C. § 9 et. seq.

B. A Preliminary Injunction which orders the named Defendants to not sell the Vessel until the conclusion of these issues and to return the Vessel to the plaintiff.

C. Actual and statutory damages based on the numbered paragraphs of the Complaint.

D. Punitive damages for the illegal conduct of the Defendants.

E. Damages in the amount determined at trial.

F. Such other forms of relief and damages as this Court deems just and proper.

G. The costs of this action.

H. Reasonable attorney fees as determined by a reasonable accounting at the conclusion of this action.

I. Order the return of the Vessel Laid Off to Michael Cosgrove.

THE PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL ON THIS MATTER

RESPECTFULLY SUBMITTED,

Attorney for Mr. Cosgrove

JAMES J. HEGGIE
BBO# 659244
2001 Marina Drive
Suite 516W
Quincy, MA 02171

VERIFICATION

I, Michael Cosgrove, having been duly sworn depose and state that I have read the contents of

the "Verified Complaint seeking Damages and Equitable Relief Including Preliminary Injunction to Stop Foreclosure and Jury Demand" and the factual statements in that document are true and those factual matters which are stated upon belief are believed to be true.

Signed under pains and penalties of perjury on this the __1st__ day of September, 2010.

_____
Michael Cosgrove

Commonwealth of Massachusetts

Norfolk, ss.

I, James J. Heggie, hereby certify that on September __1st__, 2010, Michael Cosgrove appeared before me and is personally known by me, who, being first sworn, deposed that the foregoing statements are true on this the __1__ day of September, 2010

_____
James J. Heggie, Notary Public