UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL COSGROVE<br>    Plaintiff<br><br>v.<br><br>KEYBANK N.A., and RUSSO MARINE<br>FINANCIAL SERVICES, INC, and<br>NORTHEAST ADJUSTMENT BUREAU<br>    Defendants' | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 1:10-cv-11577-NG<br>) LEAVE TO FILE GRANTED<br>) ON DECEMBER 14, 2010<br>)<br>)<br>) |

FIRST VERIFIED AMENDED COMPLAINT AND JURY DEMAND

**INTRODUCTION**

The Plaintiff, Michael Cosgrove (hereinafter "plaintiff"), is the mortgagor of the vessel, Laid Off, which was located at a rented slip in Marina Bay in Quincy, MA.  The plaintiff resided on the vessel year round and had taken out a mortgage on the vessel on June 11, 2007 with KeyBank.  In June, 2010 the plaintiff sent a partial payment to KeyBank, as he did again in July, 2010.  In August, 2010 he failed to send any payment, although he was in contact with representatives from KeyBank.  On August 9, 2010 representatives from Northeast Adjustment Bureau repossessed the Vessel and the Vessel is now located at Russo Marina in Dorchester, MA.  The plaintiff has attempted to cure his default but KeyBank has stated that they have accelerated the loan and the plaintiff would have to pay the full amount of the loan to attain possession of the Vessel.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and § 1446 and 28 U.S.C. § 1367.

## PARTIES

2. Michael Cosgrove is a natural person who resides in Quincy, Massachusetts and is the Mortgagor of the 1974 Hatteras 78 Motor Yacht.  Michael Cosgrove resides on the Yacht year round and it is his primary residence.

3. KeyBank NA (hereinafter "Keybank") is part of KeyCorp with an address of 127 Public Square in Cleveland, Ohio.  KeyCorp is registered with the Secretary of State in Massachusetts.

4. Russo Marine Financial Services, Inc. (hereinafter "Russo") is registered with the Secretary of State in Massachusetts with an address of 291 Mystic Avenue in Medford, MA.  Russo Marine Financial Services, Inc. has a voluntary date of dissolution on April 12, 2010 with the Secretary of State in Massachusetts.

5. Northeast Adjustment Bureau (hereinafter "Northeast") is a repossession company that has an office in Winchester, MA.  Michael Cosgrove's belongings are located at this address.

## FACTS

6. Michael Cosgrove completed a loan application with Russo Marine Financial Services, whose address was 301 Pier One Road in Stevensville, Maryland.  Russo was acting as an agent for KeyBank USA.

7. On June 11, 2007 Michael Cosgrove was granted a "Preferred Mortgage of Vessel" for the vessel "Laid Off" by KeyBank NA whose address is 4910 Tiedeman Road in Brooklyn, OH 44144.  The amount of the mortgage was $150,000.00 at 7.75% with a monthly payment of $1262.86 commencing on July 26, 2007.  This mortgage was recorded on October 25, 2007.

8. The terms of this "Preferred Mortgage of Vessel" state in subsection b) that the Mortgagee may foreclose this Mortgage pursuant to the terms and provisions of Chapter 313 of Title 46, United States Code.  Subsection c) of this document states that the Mortgagee may sell the Vessel at a public sale after first giving notice of the time and place of sale, with a general description of the property, by publishing notice as provided by the F.R.C.P. and by mailing notice of such sale to the Mortgagor.

9. On the "Preferred Mortgage of Vessel" and the "Consumer Note, Installment Loan, Note, Security Agreement and Disclosure Statement" there is no time limits specified regarding defaults.

10. Michael Cosgrove has resided on the Vessel year round since the acquisition of the vessel and it is his primary residence.

11. Michael Cosgrove made payments for the months of May, June and July, 2010 and failed to make the August 2010 payment, although he was in contact with KeyBank regarding this failure to make payments and he assured KeyBank that he was waiting for a check to clear and he would send a check for any amount outstanding at that time.

12. On August 9, 2010 representatives from Northeast, acting as an agent for KeyBank seized the 1974 Hatteras 78 Motor Yacht based on "broke promises in our agreement".

These agents trespassed on the slip that Michael Cosgrove rents and has rented for ten years.

13. The named defendants' have not applied for any hearings for repossession in any Court regarding their rights under the contracts signed by the parties.

14. On August 9, 2010 Michael Cosgrove received the payment he was waiting for and called to inquire where to send the amount outstanding to regain possession of his Vessel.

15. Representatives told Michael Cosgrove that he would have to pay the total amount of the loan and fees to regain possession of the Vessel.

16. On August 10, 2010 Michael Cosgrove was sent a "Notice of Our Plan to Sell Property". In this notice it stated that the 1974 Hatteras 78 Motor Yacht would be sold at a private sale "sometime after September 6, 2010 and it stated that, "You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.

17. Michael Cosgrove had to "move into" a hotel based on the named Defendants' seizing his residence and he has to rent an apartment based on this seizure.

18. The Defendants had knowledge that the Plaintiff resided on the vessel.

## CAUSES OF ACTION

### COUNT I

### Violation of U.C.C § 9 et. seq.

19. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

20. The representatives from KeyBank stated that they would work with Michael Cosgrove while simultaneously repossessing his boat. This act by the representative of KeyBank would be in "Bad Faith".

21. The method and manner of notice of the proposed sale of the Vessel would not be commercially reasonable under the guidelines set under the U.C.C.

22. The Defendant Northeast by their actions breached the peace by entering onto the plaintiffs rented property and seizing his residence.

23. The named Defendants' failed to properly follow the terms of the signed agreement, as determined by a reading of the documents.

24. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

25. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT II

## M.G.L. 255 (13) et.seq

26. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

27. The Plaintiff is specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

28. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

29. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

30. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

31. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

32. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT III

### M.G.L. 255 et.seq

33. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

34. The Plaintiff is specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

35. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

36. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

37. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

38. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

39. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT IV

## DUE PROCESS VIOLATIONS

40. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

41. The Plaintiff is specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

42. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

43. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

44. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

45. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

46. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury

### COUNT V

### CONVERSION

47. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

48. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

49. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

50. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

51. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

### COUNT VI

## TRESPASS

52. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

53. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

54. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

55. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

56. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

57. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury

## COUNT VII

### VIOLATION OF CHAPTER 258 OF ACTS OF 2010

58. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

59. The Plaintiff is specifically in the class of persons this Act was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

60. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

61. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

62. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

63. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

64. The Plaintiff resided on the vessel and used this as his primary residence for ten years.

65. Based on this fact the Plaintiff would be entitled to the 150 day "Right to Cure" as the notice was sent on August 10, 2010.

66. The Vessel would be a "Fixture" as it has become so related to the Marina that it an interest is under real property law.

## COUNT VIII

## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

68. The Plaintiff is specifically in the class of persons this Act was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

69. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

70. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

71. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255 or as defined under the contract and federal law, rule and regulation

72. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

73. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT IX

### MASSACHUSETTS FAIR DEBT COLLECTION PRACTICES ACT M.G.L. 93 ET. SEQ., 209 C.M.R ET SEQ AND 940 C.M.R. ET.SEQ..

74. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

75. The Plaintiff is specifically in the class of persons this laws, rules and regulations were designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices the plaintiff is subject to loss of property and loss of use of property and other damages.

76. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

77. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

78. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

79. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

80. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

COUNT X

BREACH OF CONTRACT

81. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

82. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

83. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

84. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

85. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

86. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT XI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

88. The named Defendants' did owe the plaintiff a duty to follow the applicable and relevant law, rule and regulation.

89. The Defendants, specifically Northeast, did enter onto property rented by the Plaintiff without his permission to seize the plaintiffs' vessel.

90. The Defendants did not seek a prior hearing regarding this entrance and repossession or receive authorization to enter the plaintiff's property in any manner.

91. The named Defendants' failed to inform the plaintiff in the correct manner as defined under M.G.L. 255.

92. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

93. As a direct, material and proximate result of the named Defendants' conduct and actions the plaintiff has and will suffer substantial injury.

## COUNT XII

## UNJUST ENRICHMENT

94. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

95. By their wrongful acts and omissions parties named have been unjustly enriched at the expense of the plaintiff, and thus the plaintiff has been unjustly deprived.

96. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing his Vessel which in home.

## COUNT XIII

## VIOLATION OF 46 U.S.C § 31304

97. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

98. KeyBank and its agents failed to follow the procedures and requirements necessary under 46 U.S.C. et.seq.

99. The Plaintiff will suffer monetary damage and losses as a result of this conduct.

100. The named Defendants' knowingly or negligently breached the terms and conditions of the contract they wrote and signed.

101. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing his Vessel which in home.

## COUNT XIV

## VIOLATION OF M.G.L. 93A

(against KeyBank NA)

102. Plaintiff repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 18 of the complaint as if fully set forth herein.

103. KeyBank and its agents failed to follow the procedures and requirements necessary under 46 U.S.C. et.seq.

104.  The Plaintiff was told by a representative of KeyBank that he could put the payments in default at the end of the loan and the Plaintiff made payments in reliance of this promise and secured money to be able to pay the payments in default.

105. The named Defendants' knowingly or negligently breached the terms and conditions of that verbal promise  that their representative made and, further, knowingly made that promise when the representative knew or should have known the vessel was going to be repossessed.

106. The Defendant KeyBank allowed the Plaintiff to make late payments on many occasions and the Plaintiff made a payment approximately two weeks before the vessel was repossessed.

107. The Defendants knew that the Plaintiff resided on the vessel and failed to take follow the correct procedure based on this knowledge.

108. As a result of the actions of the Defendants the plaintiff suffered loss, damages, emotional distress and the possibility of losing his Vessel which in home.

109. The Defendant KeyBank was sent a demand letter as required under M.G.L. 93A.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the Court to award the following relief:

A. Any and all remedies under U.C.C. § 9 et. seq.

B. A Preliminary Injunction which orders the named Defendants to not sell the Vessel until the conclusion of these issues and to return the Vessel to the plaintiff.

C. Actual and statutory damages based on the numbered paragraphs of the Complaint.

D. Punitive damages for the illegal conduct of the Defendants.

E. Damages in the amount determined at trial in relation to each of the Counts in this Complaint.

F. Award any and all relief under M.G.L. 93A and Triple Damages pursuant to M.G.L. 93A.

G. Such other forms of relief and damages as this Court deems just and proper.

H. The costs of this action.

I. Reasonable attorney fees as determined by a reasonable accounting at the conclusion of this action.

J.  Order the return of the Vessel Laid Off to Michael Cosgrove or reasonable replacement costs to purchase another comparable vessel.

THE PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL ON THIS MATTER

RESPECTFULLY SUBMITTED,

Attorney for Mr. Cosgrove

/s/ *James J. Heggie*_____

JAMES J. HEGGIE

BBO# 659244

2001 Marina Drive

Suite 516W

Quincy, MA 02171

VERIFICATION

I, Michael Cosgrove, having been duly sworn depose and state that I have read the contents of the "Verified Complaint and Jury Demand" and the factual statements in that document are true and those factual matters which are stated upon belief are believed to be true.

Signed under pains and penalties of perjury on this the 30th day of November, 2010.

_/s/ *Michael Cosgrove*___

Michael Cosgrove

Commonwealth of Massachusetts

Norfolk, ss.

I, James J. Heggie, hereby certify that on November 30, 2010, Michael Cosgrove appeared before me and is personally known by me, who, being first sworn, deposed that the foregoing statements are true on this the 30 th day of November, 2010

/s/ *James J. Heggie*_____

James J. Heggie, Notary Public

## CERTIFICATE OF SERVICE

I, James J. Heggie, hereby certify that a true and accurate copy of the foregoing document was filed on December 15, 2010, through the Court's ECF system and this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I further certify that a true and accurate copy of the foregoing document was sent by first class mail to the following non registered participants:

Lawrence Russo
291 Mystic Avenue
Medford, MA 02155

Respectfully submitted,

/s/ *James J. Heggie*_____
James J. Heggie
2001 Marina Drive, Suite 516
Quincy, MA
Tel. 617-842-2175

james.heggie@fac.quincycollege.edu

December 15, 2010